## *President, &c.* CASCO BANK *vs.* JOEL HILLS *& al.*

*Mem.* SHEPLEY, J. being interested, did not sit at the hearing, or in the determination of this case.

Where, after the decease of one of three partners, the survivors published a notice, that " the business of the late firm will, for the present, be carried on in the same name, under the charge of J. H. (one of the partners) who will continue, who is duly authorized to adjust and settle all matters relative to the same;" *it was held,* that the surviving partners, by such notice, held out to the world, that they would continue to transact business under that name, and that a note given by J. H. under the name of that firm, would bind both.

Where two persons so held themselves out to the world as partners, as to make a note, given by one in the partnership name, binding upon both, the indorser of a note, thus given, will not be permitted to testify, that it was given for a consideration not authorized by the terms of written articles of copartnership between them, in a suit by one, ignorant of the terms of such written articles.

ASSUMPSIT on a note, dated *April* 28, 1835, payable to *C. A. Stackpole,* or order, at the *Suffolk Bank* in *Boston,* in eight months from date, signed *Hills, Rice & Co.,* in the handwriting of *Hills,* and indorsed by *Stackpole.* The action was against *Joel Hills* and *William McLellan.* It was proved, that there was a company doing business in *Bangor,* in the name of *Hills, Rice & Co.,* of which the defendants were members, and that the business was continued in the same name as late as the last of *October,* 1836. *A. P. Rice,* who was once a member of the company, died, *March* 27, 1834. The plaintiffs proved the publication, in the *Bangor Daily Whig,* a newspaper published in *Bangor,* in *July,* 1834, a notice, which was read to the jury, from the paper. The following is a copy :

" NOTICE. — The partnership of *Hills, Rice & Co,* was dissolved the 27th of *March* last, by the death of *Mr. Rice.*

WM. McLELLAN.

" *Bangor, July* 5, 1834.           JOEL HILLS.

" The business of the late firm will, for the present, be carried on in the same name, under the charge of *Mr. J. Hills, who will* continue, who is duly authorized to adjust and settle all matters relative to the same.          WM. McLELLAN.

" All persons having demands against the late *Albert P. Rice,* are requested to leave copies of the same with the subscriber.

"J. HILLS."

*McLellan* did not reside in *Bangor,* but was frequently there. The defendants offered in evidence the partnership agreement between the defendants and *Rice,* dated *Nov.* 2, 1833, and then offered *Stackpole,* the indorser of the note, as a witness, and proposed to prove by him, that the note was given for a consideration not authorized by the terms of the copartnership agreement. Objection was made by the counsel for the plaintiffs, and EMERY J. who presided at the trial, ruled that the same was inadmissible. A default was entered, by consent, which was to be taken off, and the case was to stand for trial, if, in the opinion of the Court, the action could not be maintained, or if the evidence rejected should have been admitted.

*J. Appleton,* for the defendants, argued that *McLellan* was not liable on this note. The partnership of *Hills, Rice & Co.* was dissolved by the death of *Rice.* 1 *Rawle,* 221; *Collyer on Part.* 62; *Carey on Part.* 163; 15 *Johns. R.* 82. Like the case of a power of attorney, which becomes extinct on death of the principal. *Harper* v. *Little,* 2 *Greenl.* 14. After the dissolution of the partnership, no one has the right to use the name of the firm, in giving or indorsing notes, even to adjust the business of the firm. 3 *Esp. R.* 108; *Coll. on Part.* 314; *Carey on Part.* 187; 2 *Johns. R.* 300; 4 *Johns. R.* 224; 3 *Vermont R.* 82; 1 *Stark. Rep.* 71, 375; 1 *Peters,* 373. Nor can it be said, this was given to renew an old debt from the company. There is no evidence of it, and the Court cannot presume it. 11 *Wend.* 99; 1 *Wend.* 461; 3 *Wend.* 415; 5 *Conn. R.* 574; 1 *McCord,* 169; 6 *Vermont R.* 275. By the notice in the paper, *Hills* was made a mere agent to settle the partnership concerns, but no new partnership was created by it. *Stackpole,* the indorser, was not called to invalidate the note, but merely to show for what it was given, and he should have been admitted. 3 *Wend.* 415; 12 *Pick.* 566.

*Cutting,* for the plaintiffs, contended, that *Hills* had the right to bind *McLellan,* by signing the company name; by the advertisement published by him; and by his acts proved. That even if

*Hills* had no right to bind *McLellan* as a partner in any new transactions, he had the right to do so, both by law, and by the authority given in the advertisement, in the settlement of any old affairs. And a note made by one partner, in the name of the firm, will be intended in law to have been made in the course of the partnership dealings. 19 *Johns. R.* 345; 11 *Johns. R.* 544; 15 *Johns. R.* 422; 16 *Wend.* 505. The testimony, offered to be proved by *Stackpole*, was inadmissible. 1. It was not proved, that the plaintiffs knew the terms of the partnership, and therefore wholly immaterial whether limited or not. *Montague on Part.* 10; *Livingston* v. *Roosevelt*, 4 *Johns. R.* 270, and cases there cited. 2. Being a party to the note as indorser, he is an incompetent witness. *Deering* v. *Sawtel*, 4 *Greenl.* 191.

BY THE COURT. — We are of opinion, that the advertisement of *July* 5, 1834, under the signature of *William McLellan*, held out to the world, that he and *Joel Hills* would continue to transact business, under the name of the old firm of *Rice, Hills* and company, and that notes given by *Hills*, under the name of that firm, would bind *McLellan*. If the articles of copartnership did not justify the giving of this note, it would nevertheless bind *McLellan*, unless the holders knew that fact, of which there is no proof.

*Judgment for plaintiffs.*